FILED - USDC - FLMD - JAX NOV 19 2026 PM4:44

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 3:26-cr- 270-MMH-LLL
18 U.S.C. § 932(b)(2)
SHAMOI RAPHAEL THOMAS 18 U.S.C. § 922(a)(6)

# INDICTMENT

The Grand Jury charges:

## COUNT ONE
## (Conspiracy to Straw Purchase Firearms)

Beginning on an unknown date, but no later than in or about March 2024, and continuing through in or about December 2025, in the Middle District of Florida and elsewhere, the defendant,

SHAMOI RAPHAEL THOMAS,

did knowingly conspire with others, both known and unknown to the Grand Jury, to purchase firearms, including but not limited to, multiple Andro Corp ACI-15 rifles, multiple Taurus pistols, and three Smith and Wesson SD9VEs, in and otherwise affecting interstate and foreign commerce for, on behalf of, and at the request and demand of any other person, knowing and having reasonable cause to believe that such other person intended to use, carry, possess, and otherwise dispose of the firearms in furtherance of a felony.

In violation of 18 U.S.C. §§ 932(b)(2) and (c)(1).

**COUNT TWO**
**(Materially False Statement to a Firearms Dealer)**

Between on or about October 26, 2024, and on or about October 27, 2024, in the Middle District of Florida, the defendant,

SHAMOI RAPHAEL THOMAS,

in connection with the acquisition of firearms, including a Glock 43x, a Taurus TS9, and a Diamondback DB-15, from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to a federally licensed firearms dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, to the effect that the defendant stated he was the actual buyer of the firearms and to the effect that the defendant stated he did not intend to sell or otherwise dispose of the firearms in furtherance of any felony or other offense punishable by more than one year, a federal crime of terrorism, or a drug trafficking offense, when in fact the defendant knew he was not the actual buyer of the firearms and did intend to sell or otherwise dispose of the firearms.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

**COUNT THREE**
**(Materially False Statement to a Firearms Dealer)**

On or about July 1, 2025, in the Middle District of Florida, the defendant,

SHAMOI RAPHAEL THOMAS,

in connection with the acquisition of firearms, including two Andro Corp ACI-15 rifles and three Taurus pistols, from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to a federally licensed firearms dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, to the effect that the defendant stated he was the actual buyer of the firearms and to the effect that the defendant stated he did not intend to sell or otherwise dispose of the firearms in furtherance of any felony or other offense punishable by more than one year, a federal crime of terrorism, or a drug trafficking offense, when in fact the defendant knew he was not the actual buyer of the firearms and did intend to sell or otherwise dispose of the firearms.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

**COUNT FOUR**
**(Materially False Statement to a Firearms Dealer)**

On or about September 15, 2025, in the Middle District of Florida, the defendant,

SHAMOI RAPHAEL THOMAS,

in connection with the acquisition of firearms, including three Smith and Wesson pistols and three Taurus pistols, from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious

written statement to a federally licensed firearms dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, to the effect that the defendant stated he was the actual buyer of the firearms and to the effect that the defendant stated he did not intend to sell or otherwise dispose of the firearms in furtherance of any felony or other offense punishable by more than one year, a federal crime of terrorism, or a drug trafficking offense, when in fact the defendant knew he was not the actual buyer of the firearms and did intend to sell or otherwise dispose of the firearms.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

**FORFEITURE**

1. The allegations contained in Counts One through Four are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 934(a), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. §§ 932 and/or 922, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the offense.

3. Upon conviction of a violation of 18 U.S.C. § 932, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 934(a), any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and any of the person's property used, or intended to be used, in

any manner or part, to commit, or to facilitate the commission of, such violation.

4. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL

Foreperson

GREGORY W. KEHOE
United States Attorney

By: Elisabeth Adams
ELISIBETH ADAMS
Assistant United States Attorney

By: ______________________
MICHAEL COOLICAN
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
11/18/26 Revised

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

SHAMOI RAPHAEL THOMAS

INDICTMENT

| | | |
|---|---|---|
| Violations: | Ct. 1: | 18 U.S.C. § 932(b)(2) |
| | Ct. 2: | 18 U.S.C. § 922(a)(6) |

A true bill.

Foreperson

Filed in open court this 19th day of November, 2026.

Clerk

Bail $__________